OPINION OF THE COURT
John Oliver, III, J.
A notice of motion has been made with supporting affidavits attached thereto on behalf of the defendant, by his attorney, Robert J. Ayling. The District Attorney’s office of St. Lawrence County has notified the court that it does not intend to submit pleadings to the court in regard to the motion and both the District Attorney’s office and the defendant’s counsel have waived oral argument.
The alleged violation of the Vehicle and Traffic Law and the facts are as follows: That on June 11, 1979, at approximately 2:30 p.m., the defendant was operating his vehicle in the driveway area of the Canton High School. At that time there were a number of school buses in the driveway. Some of these buses were loading students and some were not. Some of these *870 buses had their flashing red lights on and some did not. In some cases, the drivers were in their buses and in others they were not. There was a police officer nearby acting as a crossing guard. The defendant proceeded to pass the buses in a very slow and careful manner. He was subsequently stopped and given a ticket for a violation of section 1174 of the Vehicle and Traffic Law.
The pertinent part of subdivision (a) of section 1174 of the Vehicle and Traffic Law states: "The driver of a vehicle upon a highway * * * upon meeting or overtaking from either direction any school bus * * * which has stopped on the highway for the purpose of receiving or discharging * * * or which has stopped because of a school bus in front of it has stopped to receive or discharge * * * shall stop” (emphasis added).
The Vehicle and Traffic Law defines "highway” in section 118 and that section does not include or refer to a driveway. However, the term "public highway” is defined in section 134 and that section expressly includes a public driveway. It should be noted that under the school zone speed limit section (§ 1180, subd [c]), the term "highway” is used as follows: "Whenever maximum school speed limits have been established on a highway adjacent to a school”. (Italics added.)
Furthermore, when the statute intends to include a driveway, the term "public highway” is used. An example is former section 501 (subd 4, par a) of the Vehicle and Traffic Law which read in part: "no person shall operate or drive a motor vehicle upon a public highway * * * unless he is duly licensed” (emphasis added).
It would appear that when the Legislature intended to include driveways in the Vehicle and Traffic Law, they used the term "public highway”. When they intended to exclude driveways from the regulations, they used only the term "highway”.
The forerunner of subdivision (a) of section 1174 of the Vehicle and Traffic Law was the former subdivision 24 of section 81 of the Vehicle and Traffic Law. That section (L 1931, ch 231, as amd by L 1951, ch 643) read: "The driver of a vehicle overtaking or meeting an omnibus which has stopped for the purpose of receiving or discharging passengers, shall bring his vehicle to a complete stop, and keep it stationary until such omnibus shall resume motion, or until signalled by the driver to proceed, provided flashing red lights and signs *871 designating the omnibus as a school omnibus are displayed on such omnibus as required by or pursuant to the provisions of subdivision twenty of section fifteen of this chapter.” It should be noted that that section does not say anything at all concerning highway or public highway. It must be presumed that when the Legislature rewrote the statute and used highway as opposed to public highway, they intended to exclude driveways and parking lots.
It is the decision of the court that the charge against the defendant should be dismissed. The court finds as a matter of fact and as a matter of law that the defendant was not operating his vehicle on a highway within the definition of the Vehicle and Traffic Law at the time of the alleged violation. In the event the Legislature intended that the term "highway” as used in section 1174 should include public highway by its definition in the Vehicle and Traffic Law, then section 1174 should be amended by the Legislature.